Good morning, Your Honors. I may please the Court. My name is Justin Marquez, and I represent Appellant Porfiria Yocupicio. I'd like to reserve three minutes of my time for rebuttal. Thank you. To calculate CAFA's amounts in controversy, the District Court counted all of plaintiff's claims, including her non-class PAGA claim, and it counted future attorney's fees in amounts of $1.2 million. Absent both the PAGA claim and future attorney's fees, ARCH cannot meet CAFA's $5 million jurisdictional amount. The District Court's ruling is wrong for three reasons. First, PAGA claims shouldn't count at all, because CAFA instructs to aggregate only the claims of the individual class members, and it defines class members as persons, names are unnamed, who fall within the definition of the proposed or certified class. That's significant because under Baumann, this Court ruled that PAGA claims are, by their very nature, non-class claims. Furthermore, plaintiffs specifically disclaimed class status of her PAGA claim in paragraphs two and three of her complaint. What does that mean? Well, under Louie, the District Court should have given weight to that disclaimer, but it didn't. I guess I don't understand what's the practical meaning of this claim. Is there anything to claim? I mean, what's being given up? Because what she's claiming is that she's bringing her PAGA claim on behalf of the State of California, and not on behalf of a class. That is significant because under 28 U.S.C. 1332d6, you only aggregate the claims of the individual class members, and the statute further defines class members as persons, named or unnamed, who fall within the definition of the proposed class. In a class action, proposed class does not exist in a vacuum. It exists based on the claims that are being alleged. That's what makes the disclaimer significant. Now, in a proposed class... Could you allege PAGA claims as a class claim? You can, but that's not what plaintiff did. I don't understand how you can. By definition, at least under our Court's precedent, it may potentially be a representative-type claim, but not a class claim. Right. It's not a class claim because she's not bringing it as a class claim. She's bringing it on behalf of the State of And that matters because diversity jurisdiction can never extend to the states. That's why the PAGA claim shouldn't be counted at all. And again, going back to... What's potentially different about this case is that you don't dispute this is a class action. Yes, I don't dispute that, but that shouldn't be dispositive because, again, looking at CAFA's statutory language, you don't just look at whether a class action was filed. You have to look at two things. Who are the class members and what claims they are alleging? That's based off 1332d6 and d1d. Now, here, plaintiff specifically says that she's bringing her PAGA claim on behalf of the State of California. That means she's not bringing it on behalf of the class. She limited... But there's also a group of similarly aggrieved employees... That's correct. Implicated by the PAGA claim. What if, just for sake of argument, what if there's complete overlap, and the class and the similarly aggrieved employees are the same? Well, that's not dispositive because the judgment on behalf of them will not affect the PAGA claim because the PAGA claim is brought on behalf of the State of California. And according to Bauman, individual employees have no property right at all to a PAGA claim. So if she wins on members, the aggrieved employees get 25%, and 75% goes to the states. Now, under Moore, in determining diversity jurisdiction, you have to focus not on the nominal parties, but on the real parties in interest. And here, plainly, in a PAGA claim, the State of California is the real party in interest. And the State of California is not a class member, it's a class action. And if she claims to be aggregated, you have to satisfy both. And what we're saying here is that both are not met because of the way plaintiff pleaded her complaints. Plaintiff pleaded her complaint as a class action? Yes, that's correct. But she... If the class action component weren't there at all, would there be anything to this case? I mean, under our precedent it would be over, wouldn't it? Yes. But you decided to take it both. This begins to resemble, I always thought the phrase was backwards, eat your cake and have it too. You want it both ways. Can you have it both ways? We don't want it both ways, Your Honor, because under California rule of court, section 3.761, if there are class allegations, you have to say the complaint is a class action. And you have to bring... You have to plead the requirements of a class action. Now plaintiff didn't... And you have. Yes. You have for at least some claims. For some... So it is a class action. It is a class action, but the class action is limited to claims 1 through 9, which are not the POGA claims. Again, the class definition is always based on the claims that are being alleged. In order to certify class, plaintiff has to show that her claims are typical to the claims brought by the class member. That's rule 23A. That's also a requirement under California law. And if a case is certified, class notice has to define the proposed class. It has to define what claims they're bringing. And if the case is settled, the notice also has to describe what claims they're bringing as well. And that's important because plaintiff is plainly not bringing her POGA claim as a class claim. See, that's the part that troubles me here. There's a little hocus-pocus going on. Because you've got unquestionably a class action, meeting all the requirements of a class action. You just acknowledged as much. Except this little piece over here, which you want to pretend is outside the circle. Only the practical import of putting it outside the circle is none, except possibly for the impact on this question. Because you've got the same group of people. They seem to be exactly the same group of people. Claims being offered in a representative fashion. But how does it differ? It's a class action. You've got this piece that you're calling non-class. But what's the practical significance of calling it non-class? Practical significance, Your Honor, is that plaintiff is master of the complaint. And here, plaintiff specifically pleaded her POGA claim as a non-class claim. Now, she has the right... That's not an answer as to practical difference. That's an answer to why you think it should make a difference. But what's the practical difference of calling that non-class? Does it affect anybody's recovery? It's the same group of folks. It's not just a claim on behalf of your client and nobody else. Calling it non-class doesn't make it an individual claim. Because you're asserting claims on behalf of all these other employees that are similarly situated. We're not asserting POGA claims on their behalf. Because in order to assert a POGA claim, you have to provide notice to the State of California that you've notified the employer about these claims. So you're not going to collect or seek any POGA damages on behalf of anybody other than your own client? We're seeking POGA damages on behalf of the State of California. And who are the people involved? Who is it you're going to be adding up to try to claim the damages for? All the same people that are in the class, isn't it? No, it's not all the same people, Your Honor, because there are different statutes of limitations. The POGA has a one-year statute of limitations. A claim for wages has a three-year statute of limitations. So it's a subset of the class. But there's nobody in that group that's not already in the class. It's not a subset for the class because that claim isn't being brought for the class. It's being brought for the State of California. And under Moore, you have to disregard nominal parties and focus on the real parties in interest. And that's what this Court did in Urbino when it said that... And if you had brought a POGA action by itself, like you said, you'd be home free. But you didn't stop there. You decided to attach it to a class action, so this is now a class action. Well, at this point, do you wish at least that you would have pled more carefully, class action and representative action, and not incorporated all the prior allegations in the POGA claim? Well, that's what we did, Your Honor. That's what we did here. We... Not in the caption. Well, in the caption, we said that this is a class action and that we're bringing ten causes of action. But in paragraphs two and three... I understand. We're saying that we're bringing the first nine causes of action as a class, and we're bringing the tenth cause of action as a POGA claim. The tenth claim, though, then incorporates all the preceding material allegations. Not necessarily, because a POGA claim is a claim for civil penalties. What that means is that the POGA claim... I'm just looking at the language you used in the tenth claim, articulating the tenth claim. Right, that we're bringing it on behalf of the aggrieved employees. And we're just copying the statutory language in section 2699. I mean, those are the magic words you have to use in order to bring a POGA claim. You have to notify the employer, you have to notify the state of California that you're bringing a POGA claim on behalf of a group of aggrieved employees. But that doesn't transform... I think what Judge Mueller is referring to as the tenth cause of action starts with paragraph 103. Plaintiff incorporates by reference and re-alleges, as fully stated in here, the material allegations set out in this complaint. Reaches out and sucks in everything that was before. Not necessarily, Your Honor, because we said material allegations. So who defines material? Well, the class allegations are not material because under Bauman, under Arias, you don't have to plead numerosity, you don't have to plead typicality to bring a class claim. Therefore, the preceding allegations were not brought in to the POGA claim. And in any event, plaintiff specifically disclaims a class status of that claim in paragraph 3 of her complaint. Now, turning to another point I want to make, is that future attorney's fees shouldn't count at all because including them violates the time of filing rule and because future attorney's fees are not a case or controversy within the meaning of article 3. And in any event, the district court's methodology for calculating those fees was incorrect because attorney's fees taken from the common fund are paid by class members, not defendant, and therefore they don't increase the amount in controversy. Which claims would be subject to the common fund? Only the, well, only the claim for minimum wages and overtime, but defendants didn't even calculate that claim. They calculated the common fund claim based on meal periods and rest periods, but under Kirby v. Emos, there's no right to statutory fee shifting. I see my time is almost up, so I'd like to reserve the balance for rebuttal. You may. Good morning, your honors. May it please the court, my name is Michael Chase, counsel for appellees. The district court correctly ruled on the three legal issues that are before this court. The inclusion of the PAGA penalties, we believe, is dictated by the language of 1332D. 1332D tells us that we aggregate the claims of a certain group of people to decide how much is at issue. So how do you deal with our court's decisions in Bauman and Urbino? I think that Bauman and Urbino address the question of whether the actions at issue there were class actions. Here, there's a concession, and it's clear from the complaint that this is a class action. And so those cases, as your honor noted, would have kicked this out of court if the only claim here were a PAGA claim. However, there's a class action, nine out of the ten causes of action here are class action claims. So we think that 1332D says you agree all of the party's claims, including the plaintiff's, the name plaintiff's claims, the labor code section 2699 sub A under PAGA says that the plaintiff brings the claim in her own name, on her own behalf. This is clearly her claim, and it should be included, and the district court was correct to do so. We think that the inclusion of 100% of the penalties is dictated by this court's doctrine of the either viewpoint rule. The Ritter case and the Googly-Elmino cases both say that money that is going to be paid by the defendant, even if it's not paid directly to the plaintiff, should be included. In Googly-Elmino, there was a claim for back taxes, money that would have been paid to a taxing entity like the state, and yet those were properly included this court held in the calculation. With respect to the future attorney's fees, in our view, this is really decided by the district. This was written in such a way as to let anybody reading it be led to believe that you would include all attorney's fees that the plaintiff could obtain in the case. Almost every circuit does that, including this circuit. We've cited cases from the 4th, 5th, 8th, and 10th circuits that include, without question, an estimate of future attorney's fees. The 7th circuit is clearly a minority in this regard. It's a minority rule. We don't find any other circuits that follow it, and we think that the 7th circuit's decision, which is based on the fact that a case might settle, violates the Supreme Court's rule in St. Paul Mercury Insurance that one does not take into account the fact that later events might reduce the amount in controversy, and that you would ignore that prospect and just decide what could the plaintiff obtain in a judgment. We think that here it's clear that, or we've proven by preponderance of the evidence, that our client faces a judgment of more than $5 million in this case. The plaintiff is the master of her complaint, but she chose to plead it the way she did. She chose to plead that our client did not give any meal or rest breaks to any of its employees, and that's why we have the amount in controversy satisfied here. Can you take us back to first principles, federal courts or courts of limited jurisdiction, Supreme Court in Allapattah has said analyze claim by claim, whether or not there is jurisdiction, and so assuming there's a set of class action claims and the PAGA claim, does either one independently satisfy federal jurisdiction? I think that the way that CAFA was written, it was, of course, an expansion of federal jurisdiction, and the way it was written, it does not provide for a claim by claim analysis. It really just provides for a definition of the first step of whether it's a class action, and if that is met, one of the next steps is the amount in controversy, and here they say that you aggregate everybody's claims, and so it doesn't say which claims to aggregate, and they would be writing in, the plaintiff would have the court write in more language into the statute that says you should not take into account certain claims if they're not themselves pled as class claims, but that's not what Congress said. Congress just simply said you aggregate all the claims, including of the named class representative. So would that apply if there's a class action, and say the other claim or claims are not PAGA claims, would that extend to any other type of claim joined with a class action? As the statute is written, it should. It says that any claim by a named class representative is aggregated, and so there doesn't... So CAFA plus... ...reason that's been presented for not doing that. I mean, there's not really any... That point has been made in the briefs, but there's no real policy reason, not that you should go to policy because we think the statute is clear, but there doesn't seem to be any policy reason not to do that. But that would suggest if we were looking at what you characterize as the policy or the principle behind the statute, wouldn't that lead... Wouldn't that have led to different results in our court's previous cases? I mean, so Chief Judge Thomas dissented in, I think it was Urbino, certainly a plausible point of view, but not one that prevailed, and it's the opposing precedent that binds us. So looking through the lens of our precedent, how is it you say the statute should point to the result you advocate? Well, again, Urbino, I believe, was just a PAGA claim that was not a class action claim made, or maybe I'm remembering wrong. Excuse me. That may not be a CAFA removal case. They blur together after a while. Yeah, so Fowman was just a pure PAGA claim, no class action. Urbino was not a case where they were working with CAFA because they were applying the anti-aggregation rule, which shouldn't apply in a CAFA case. And so Urbino makes sense in that context, but here we're in a different context. Do your honors have any other questions? Apparently not. Thank you. Your honors, there are two points I'd like to make. CAFA doesn't say count all the claims. It says aggregate the claims of the individual class members, and that's important because, again, plaintiff is bringing her PAGA claim on behalf of the state of California, which is not a class member, it's not an employee of ARCH, it's not a person, it's a state. The second point I want to make is to distinguish Missouri State Life Insurance. Let me go back to your first point. The statute, what do you point to? Look at the language of the statute if you have it in front of you or nearby. What is it you're pointing to that tells me that CAFA says what you just told me it says? 1332d6, aggregate only the claims of the individual class members, and 1332d1d defines class members as persons, names or unnamed, who fall within the definition of the proposed or certified class. That's the specific language in CAFA. There are specific requirements, there are specific rules in determining how to aggregate claims. So each claim matters, and particularly in a class action, the plaintiff has to specifically plead what claim she's bringing as a class action because of the typicality requirements. Now I hope I answered your Honor's question. If there are no further questions, I'd like to go to my second point. Now with respect to future attorney's fees, I'd like to distinguish Missouri State Life Insurance on three grounds.  Because at that time, the amount in controversy was only $3,000, and that claim in that case was worth $3,000. So the attorney's fees at issue in that case only had to be worth a penny in order to get over the amount in controversy. Second, since that case was decided, the Supreme Court's Article III jurisprudence has evolved considerably. In Lujan, there are three requirements for an Article III case for controversy. There has to be an injury in fact, there has to be causation, and there has to be redressability. In Steel Company, the Supreme Court said that an interest in attorney's fees did not give rise to an Article III case for controversy. And the third way I'd distinguish Missouri State Life Insurance is to point out in Standard Fire, where their court applied the time of filing rule to calculate CAFA's amount in controversy. And at the time of filing, there's no question that plaintiff did not incur $1.2 million in attorney's fees. But isn't your opposing counsel correct that there's no Ninth Circuit authority that limits the fees to those already incurred? Right, that's correct. There's a split in the district courts regarding that issue, but we believe that the court should follow the Seventh Circuit, and it also should follow the Supreme Court, which applied the time of filing rule. And the time of filing rule always controls jurisdiction. I see I've run out of time. Thank you, Your Honors. Thank you. The case just argued is submitted. We thank both counsel for your helpful arguments. That concludes the argument calendar for today. We're adjourned.
judges: Mueller, Fernandez, Clifton